UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DARRYL C. COSKERY,                )
                                  )
            Plaintiff             )
                                  )
v.                                )   No. 1:16-cv-00477-NT
                                  )
NANCY A. BERRYHILL,               )
Acting Commissioner of Social Security,[1] )
                                  )
            Defendant             )

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the administrative law judge erroneously assessed his credibility in violation of Social Security Ruling 16-3p ("SSR 16-3p"), which took effect on March 16, 2016, superseding Social Security Ruling 96-7p ("SSR 96-7p"). *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 12) at 6-10. I conclude that SSR 16-3p cannot be applied retroactively to the August 24, 2015, decision at issue.

---

[1] Nancy A. Berryhill, who is now the Acting Commissioner of Social Security, is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 15, 2017, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

The plaintiff made no alternative argument that the credibility determination was flawed pursuant to SSR 96-7p. *See generally id*. At oral argument, however, he disputed the commissioner's assertion that he had waived that point by failing to include it in his statement of errors, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 4 n.2. I agree with the plaintiff that he did not waive any argument that the credibility determination fails to pass muster pursuant to SSR 96-7p because he did raise the *issue* of the determination's supportability. *See Farrin v. Barnhart,* No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future*, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court*.") (footnote omitted) (emphasis added). However, for the reasons that follow, I conclude that the credibility determination passes muster pursuant to SSR 96-7p. Accordingly, I recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2015, Finding 1, Record at 10; that he had severe impairments of disorders of the back and dysfunction of major joints, Finding 3, *id*.; that he had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), could lift and carry 20 pounds occasionally and 10 pounds frequently, sit for six hours and stand/walk for six hours in an eight-hour workday, occasionally push/pull hand controls bilaterally, and frequently climb ramps and stairs, could not climb ladders,

ropes, and scaffolds, could occasionally balance, stoop, and crawl, could frequently kneel and crouch, could not perform overhead reaching with his left non-dominant upper extremity, and could perform a full extension reach in front or laterally with his left upper extremity on an occasional basis, Finding 5, *id.* at 12; that, considering his age (47 years old, defined as a younger individual, on his alleged disability onset date, October 1, 2009, and subsequently changing age categories to closely approaching advanced age), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 17; and that he, therefore, had not been disabled from October 1, 2009, through the date of the decision, August 24, 2015, Finding 11, *id.* at 18-19. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial

evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Retroactivity of SSR 16-3p

In his statement of errors, the plaintiff did not address the retroactivity of SSR 16-3p, although he cited a 2016 decision of the United States Court of Appeals for the Seventh Circuit, *Cole v. Colvin*, 831 F.3d 411 (7th Cir. 2016), discussing that ruling. *See* Statement of Errors at 6-10. At oral argument, in response to the commissioner's citation to authorities in support of the proposition that the ruling should not be applied retroactively, *see* Opposition at 3-4, the plaintiff's counsel cited *Rioux v. Massanari*, No. 00-305-P-H, 2001 WL 574615 (D. Me. May 25, 2001) (rec. dec., *aff'd* July 2, 2001), for the proposition that it should be.[3]

My research reveals that courts have split on whether SSR 16-3p should be retroactively applied, *see, e.g., Phillips v. Berryhill,* Case No. 4:15-CV-00218-MHH, 2017 WL 1210150, at *6 & nn. 5-6 (N.D. Ala. Mar. 31, 2017); *Lane v. Berryhill*, CV616-024, 2017 WL 976923, at *4 n.8 (S.D. Ga. Feb. 16, 2017) (rec. dec., *aff'd* Mar. 13, 2017), and that neither this court nor the First Circuit has addressed the point. I conclude that the commissioner has the better argument.

First, as the commissioner argues, *see* Opposition at 4, *Cole* does not address the retroactivity issue. In *Cole*, the Seventh Circuit observed:

> Recently the Social Security Administration announced that it would no longer assess the "credibility" of an applicant's statements, but would instead focus on determining the "intensity and persistence of [the applicant's] symptoms." Social Security Ruling 16-3p; "Titles II and XVI: Evaluation of Symptoms in Disability Claims," 81 Fed. Reg. 14166, 14167 (effective March 28, 2016). The change in wording is meant to clarify that administrative law judges aren't in the business of impeaching claimants' character; obviously administrative law judges will continue to assess the credibility of pain *assertions* by applicants, especially as such

---

[3] The *Rioux* docket number set forth on Westlaw is wrong. The correct docket number is No. 00-302-P-H.

4

assertions often cannot be either credited or rejected on the basis of medical evidence.

*Cole*, 831 F.3d at 412 (emphasis in original). The Seventh Circuit twice cited the above Federal Register notice, as well as other authorities, in holding that the administrative law judge's decision was "unreasoned," warranting remand; however, it never held that SSR 16-3p applied retroactively or that the decision violated that ruling. *See id*. at 415-16. Indeed, it recognized that the ruling became effective in March 2016. *See id*. at 412. *See also Huigens v. Colvin*, Civil Action Number 4:16-cv-00600-AKK, 2017 WL 588606, at *3 (N.D. Ala. Feb. 14, 2017) (*Cole* "does not endorse (or otherwise discuss) retroactive application" of SSR 16-3p).

Second, as the commissioner notes, *see* Opposition at 3-4, a number of courts have held that SSR 16-3p does not apply retroactively because the ruling does not provide for its retroactive application, *see, e.g.*, *Wright v. Colvin*, Case No. 15-cv-02495-BLF, 2017 WL 697542, at *9 (N.D. Cal. Feb. 22, 2017); *Hoop v. Commissioner of Soc. Sec.*, Civil Action 2:16-cv-140, 2017 WL 696701, at *9 n.1 (S.D. Ohio Feb. 22, 2017) (rec. dec., *aff'd* Mar. 10, 2017); *Thayer v. Colvin*, CASE NO. 2:16-CV-00545-DWC, 2017 WL 132450, at *7 (W.D. Wash. Jan. 13, 2017), *appeal docketed*, Case No. 17-35199 (9th Cir. Mar. 9, 2017); *Lopez v. Colvin*, Civil No. 3:16cv24 (JAG), 2016 WL 6594107, at *4 n.3 (E.D. Va. Oct. 13, 2016) (rec. dec., *aff'd* Nov. 4, 2016); *Regalado v. Colvin*, Case No. 15-cv-299-PB, 2016 WL 4775525, at *8 (D.N.H. Sept. 14, 2016).

That line of cases relies on *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204 (1988), in which the United States Supreme Court observed: "Retroactivity is not favored in the law. Thus congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen*, 488 U.S. at 208.

As the plaintiff's counsel noted at oral argument, there is an exception to that rule when a new Social Security ruling "is properly characterized as clarifying the law or the agency's existing

policy rather than making substantive changes." *Rioux*, 2001 WL 574615, at *4. The plaintiff's counsel argued that SSR 16-3p fits that exception, noting that the commissioner herself characterized the ruling as a clarification, stating:

> [W]e are eliminating the use of the term "credibility" from our sub-regulatory policy, as our regulations do not use this term. In doing so, we *clarify* that subjective symptom evaluation is not an examination of an individual's character. Instead, we will more closely follow our regulatory language regarding symptom evaluation.

81 Fed. Reg. at 14167 (emphasis added). He went on to concede that there appear to be substantive differences between SSR 16-3p and SSR 96-7p, but argued that there is no "substantive change" for purposes of the *Rioux* test because the commissioner has not altered her regulations, but rather clarified them through SSR 16-3p. Yet, in *Rioux*, this court did not focus on whether the Social Security ruling at issue in that case, SSR 97-3, represented a substantive change from the governing regulation, which likewise was unchanged, *see Rioux*, 2001 WL 574615, at *3, but, rather, on whether it represented a substantive change from the commissioner's existing policy as set forth in a sub-regulatory provision contained in the Social Security Program Operations Manual System ("POMS"), *see id.* at *6-*7.

As the plaintiff's counsel conceded, there are in fact substantive differences between SSR 16-3p and SSR 96-7p. Most notably, SSR 16-3p eliminates the use of the term "credibility" and clarifies that "subjective symptom evaluation is not an examination of an individual's character." 81 Fed. Reg. at 14167. *See also Lane*, 2017 WL 976923, at *4 n.8 ("SSR 16-3p . . . effects much more than a mere clarification of existing SSA policy. It eliminates the term 'credibility' from the ALJ's [administrative law judge's] subjective testimony analysis entirely, instructing the ALJ to forgo 96-7p's 'truthfulness' analysis in lieu of an objective comparison of the claimant's statements to the evidence of record.") (citations and internal quotation marks omitted). Indeed,

the plaintiff relied on that change in arguing that the administrative law judge erred in relying in part on the fact that he had testified under oath at hearing that he had not used any illicit substances since 2009. *See* Statement of Errors at 9-10.

For these reasons, SSR 16-3p should not be retroactively applied.

## B. Supportability of Credibility Determination Pursuant to SSR 96-7p

SSR 96-7p provides that a "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2016), at 134.

"The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings." *Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987).

The administrative law judge summarized the plaintiff's allegations concerning his symptoms and their impact on his ability to function, including his assertions that he (i) "tried to go back to work part-time but that he was not able to do it[,]" (ii) "is able to sit about 15-20 minutes and then has to change position or stand[,]" (iii) "is able to walk about 100 feet[,]" (iv) "is able to lift not much more than 10 pounds[,]" and (v) "drops things with his left hand." Record at 12. He concluded that the plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were "not entirely credible for the reasons explained in this decision." *Id*.

Specifically, he found that (i) "[t]he medical evidence here does not fully support the [plaintiff's] complaints and allegation of disability[,]" (ii) "[t]he [plaintiff's] activities of daily

7

living and functioning show that limitations are not of the severity [he] alleges[,]" (iii) his treatment since September 2009 "has been minimal, mostly follow-up check-ups and medication refills[,]" (iv) "[t]he evidence of record shows that the [plaintiff] was noncompliant with treatment[,]" and (v) the medical expert opinion evidence of record supported a finding of greater capability. *Id*. at 12-17. He discussed the evidence that, in his view, supported each of these points. *See id*.

As a threshold matter, as the commissioner observes, *see* Opposition at 5-6, the credibility determination passes muster because the plaintiff does not challenge several of the bases on which it rests, including the inconsistency of his statements with the RFC opinion of agency nonexamining consultant J.H. Hall, M.D., and the finding that his treatment since 2009 had been minimal, *see* Statement of Errors at 7-10; Record at 16, 147-50; *Little v. Colvin*, No. 2:13-CV-365-GZS, 2014 WL 5782457, at *8 (D. Me. Nov. 6, 2014) (administrative law judge's credibility determination "easily survive[d] the applicable, deferential standard of review, both because the [claimant] d[id] not challenge all relevant credibility findings and because the ones that he d[id] challenge . . . withstand scrutiny.").[4]

In the alternative, as in *Little*, the findings that the plaintiff does challenge survive scrutiny.

First, the plaintiff argues that the administrative law judge erred in giving "considerable weight" to the opinion of treating physician G.T. (Tom) Caldwell, M.D., that he was restricted to lifting not more than 20 pounds but failing to discuss Dr. Caldwell's restriction against performing

---

[4] At oral argument, the plaintiff's counsel protested that the plaintiff *did* contest the finding that his treatment since September 2009 had been minimal, by way of an argument that the administrative law judge erred in finding certain treating records inconsistent with his testimony. *See* Statement of Errors at 7-8. He added that, in challenging the credibility determination, the plaintiff at least indirectly challenged the administrative law judge's reliance on Dr. Hall because, in his view, that reliance was based in large part on the credibility determination. The statement of errors neither explicitly challenges the finding that the plaintiff's treatment was minimal after September 2009 nor mentions the administrative law judge's reliance on the Hall opinion. *See* Statement of Errors at 7-10. Therefore, the commissioner's characterization of the scope of the plaintiff's argument is a fair one. Regardless, even assuming that the arguments made by the plaintiff address every basis for the credibility determination, they lack merit for the reasons discussed below.

8

overhead work, and relying on Dr. Caldwell's advice that the plaintiff seek a "less physically demanding job" as evidence of his RFC and credibility. *See* Statement of Errors at 7-8. He contends that the restrictions assessed by Dr. Caldwell in 2009 and 2010 were not necessarily inconsistent with his testimony regarding his limitations in 2015, and Dr. Caldwell's advice to seek a less physically demanding job did not necessarily mean he would be able to sustain gainful employment. *See id*. at 8.

Yet, as the commissioner contends, *see* Opposition at 7, the administrative law judge drew a reasonable inference that the 20-pound lifting restriction was inconsistent with the plaintiff's testimony (which included testimony that he was limited to lifting 10 pounds) and that Dr. Caldwell's advice to seek a less physically demanding job was inconsistent with his allegations of disabling limitation. *See Irlanda Ortiz v. Secretary of Health & Human Servs*., 955 F.2d 765, 769-70 (1st Cir. 1991) (noting that "the resolution of conflicts in the evidence and the drawing of conclusions from such evidence are for the [commissioner]"; finding that, "[a]lthough the record arguably could support a different conclusion," substantial evidence supported decision that claimant's capacity for full range of sedentary, unskilled work was not significantly reduced). With respect to overhead lifting, as the commissioner notes, *see* Opposition at 8 n.5, both Dr. Hall and the administrative law judge found, consistent with the plaintiff's testimony, that he could not reach overhead with his left upper extremity, *see* Finding 5, Record at 12; *id*. at 70-71, 149.

Second, the plaintiff argues that the administrative law judge erred in deeming more recent progress notes of treating physician Douglas J. Jorgensen, D.O., inconsistent with his testimony. *See* Statement of Errors at 8. He asserts that the administrative law judge ignored Dr. Jorgensen's findings that he obtained some relief from pain without any corresponding improvement in functioning over the course of four years of treatment and was at maximum medical improvement

9

with a poor prognosis for further recovery. *See id*. He adds that Dr. Jorgensen's advice that he should "avoid bed rest" was not inconsistent with his testimony regarding his limitations, contrary to the administrative law judge's finding. *See id*.

As the commissioner rejoins, *see* Opposition at 8, the administrative law judge did not ignore Dr. Jorgensen's finding that the plaintiff had a poor prognosis, *see* Record at 14. Whether the plaintiff had experienced an improvement in functioning begs the question of whether he could function at a level permitting substantial gainful activity. As the commissioner argues, *see* Opposition at 9, the administrative law judge drew a reasonable inference that Dr. Jorgensen's suggestion that the plaintiff avoid bed rest tended to contradict the plaintiff's disability claims, particularly because Dr. Jorgensen advised him to "maintain normal activity" each time he told him to avoid bed rest, *see* Record at 14, 595, 598; *see also Irlanda Ortiz*, 955 F.2d at 769-70.

Third, the plaintiff argues that the administrative law judge erred in finding his testimony not credible in part on the basis that it was not fully supported by the medical evidence of record, in contravention of SSR 16-3p's directives that (i) an individual's statement will not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged[,]" and (ii) an administrative law judge must "explain which of [a claimant's] symptoms [he or she] found consistent or inconsistent with the evidence in [the] record and how [his or her] evaluation of [the claimant's] symptoms led to [his or her] conclusions." Statement of Errors at 8; SSR 16-3p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2016), at 673, 676.

SSR 96-7p, like SSR 16-3p, provides that an individual's statements "may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p at 133-34. As the commissioner observes, *see* Opposition at 6-7, there was no violation here in

10

this regard: the administrative law judge did not rely solely on this factor to assess the plaintiff's credibility.[5] With respect to the level of explanation required, the commissioner contends that the plaintiff fails to demonstrate that SSR 16-3p requires a court to scrutinize an administrative law judge's explanation for a credibility determination more intensely than is the case pursuant to SSR 96-7p. *See* Opposition at 6. I need not reach that argument, for I have determined that SSR 96-7p applies. The administrative law judge's articulation of his findings meets that standard: he provided "specific reasons for the finding on credibility, supported by the evidence in the case record, . . . sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p at 134.

Fourth, the plaintiff argues that the administrative law judge erred in relying on his ability to engage in certain activities of daily living when none of those activities called into question his allegations that he was limited to sedentary unskilled work; could lift/carry no more than 10 pounds and could not sit, stand, or walk for eight hours in an eight-hour workday; and would be absent from work at least two days per month because of an inability to tolerate customary work pressure due to chronic pain. *See* Statement of Errors at 8-9. He notes that a vocational expert present at his hearing testified that any of those three limitations would preclude sustained gainful employment. *See id*. at 9; Record at 76-77.

However, as the commissioner argues, *see* Opposition at 9-10, the administrative law judge drew a reasonable inference that the plaintiff's ability to engage in numerous daily and/or social

---

[5] At oral argument, the plaintiff's counsel stated that the commissioner had misunderstood the plaintiff's argument, which was not that the administrative law judge had relied solely, or overly, on objective medical evidence but, rather, that he had ignored objective medical evidence supporting the plaintiff's statements. He pointed to Dr. Jorgensen's assessment that the plaintiff had achieved some pain relief without any corresponding increase in functioning. For the reasons discussed above in connection with the plaintiff's second credibility point, the administrative law judge reasonably found inconsistencies between the Jorgensen notes and the plaintiff's allegations.

11

activities indicated that his "limitations [were] not of the severity" he alleged, Record at 15-16; *see also Irlanda Ortiz*, 955 F.2d at 769-70. The administrative law judge himself noted that this factor was "not outcome determinative on the issue of disability, but is only one of several factors that [the] undersigned has considered" and that, "[u]ltimately it is the entire record as a whole that leads the undersigned to conclude that the [plaintiff] is not disabled." *Id*. at 16. Even assuming *arguendo* that the above activities did not call into question the above allegations, the administrative law judge relied on other evidence that did, including the opinion of Dr. Hall. *See id*.

Fifth, the plaintiff complains that the administrative law judge found him "noncompliant with treatment" due to the presence in the record of drug screenings in which he tested positive for marijuana metabolites when no treating source expressed an opinion that he would be less functionally limited in the absence of marijuana use or that its use contributed to his inability to work. *See* Statement of Errors at 9.

As the commissioner counters, *see* Opposition at 10-11, noncompliance with treatment permissibly may be taken into consideration in assessing credibility, *see* SSR 96-7p at 140 ("[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure."). SSR 96-7p does not require that an adjudicator find that the noncompliance had a negative effect on a claimant's functional ability in order to draw such an inference. *See id*. at 140-41.

Finally, the plaintiff asserts that the administrative law judge wrongly assessed his overall character and/or truthfulness, in contravention of SSR 16-3p, in noting that, "despite being under

oath at Hearing, [the plaintiff] testified that he had not used any illicit substances including marijuana since 2009." Statement of Errors at 9 (quoting Record at 16).

As discussed above, the SSR 16-3p directive on which the plaintiff relies represents a substantive change from SSR 96-7p and, thus, cannot be applied retroactively. As for SSR 96-7p, nothing therein explicitly bars a determination of the credibility of a claimant's statements based, at least in part, on evidence in the case record indicating that a claimant is less than truthful. *See* SSR 96-7p at 136-38. The administrative law judge permissibly considered the truthfulness of the plaintiff's statement under oath pursuant to the then-applicable ruling, SSR 96-7p.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 4th day of June, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge